ROBERTS, Justice
(dissenting).
The merits of this controversy have been decided- favorably to the contentions of the Atlantic Coast Line Railroad Company, the petitioner here, by a three-judge Federal Court convened under the authority of Title 28 U.S.C.A. § 2281, in the case of Atlantic -Coast Line Railroad Co. v. *308 Florida Railroad & Public Utilities Commission, reported in D.C., 96 F.Supp. 583. While such decision on the merits would not necessarily be binding on this court, it would — to say the least — be highly persuasive. It is not necessary to repeat here the dictum of that opinion. This judgment was later reversed by .the Supreme Court of the United States, in Florida Railroad & Public Utilities Commission v. Atlantic Coast Line Railroad Co., 342 U.S. 844, 72 S.Ct. 73, in a per curiam opinion entered under the authority of Alabama Public Service Commission v. Southern Railway Co., 341 U.S. 341, 71 S.Ct. 762, 769, 95 L.Ed. 1002.
Reference to the opinion in Alabama Public Service Commission v. Southern Railway ■ Co., supra, which was the sole authority for reversal of the Florida case, discloses that the United States Supreme Court did not reverse the judgment on the merits but only on the basis that jurisdiction should not have been exercised in the case as a matter of sound equitable discretion and upon principles of comity “to avoid needless obstruction of the domestic policy of the states.”
Pursuant to the mandate'of the United States Supreme Court, the three-judge, federal court o<n August 11, 1952, dissolved its injunction previously issued and dismissed the cause, concluding its order with this significant language:
“It would be inappropriate for this court to suggest what plaintiff might do to rescue itself from the dilemma .that now confronts it, but suffice it to say that this court is confident that the laws of Florida afford it a way out.
“An appropriate judgment will be entered herein in conformity with this, Florida Railroad & Public Utilities Commission v. Atlantic Coast Line R. R. Co., 342 U.S. 844, 72 S.Ct. 73, Per Curiam Decision.”
Section 4 of the Declaration of Rights of the Constitution of Florida provides:
“Section 4. All courts in this State shall be open, so that every person for any injury done him in his lands, goods, person or reputation shall have remedy, by due course of law, and right and justice shall be administered with out sale, denial or delay.”
Section 5 of Article V of the Constitution of Florida, F.S.A., among other things, provides that “ * * * The Court shall have the power to issue writs of * * * certiorari, * * * and also all writs necessary or proper to the complete exercise of its jurisdiction. * * * ”
The right of this court to review by certiorari the orders of the Florida Railroad &' Public .Utilities Commission is well settled. It is, then, clear that “the laws of Florida afford it a way out.”
The majority opinion would summarily dismiss the petition of the Railroad Company without any consideration of the merits of the case because- it was not filed within- sixty days in -accordance with Supreme Court Rule 28; set forth in full in the majority opinion. Rule 28 in no manner or wise restricts the constitutional jurisdiction of this court to grant certiora-ri. The Rule is not jurisdictional but is only directory in the interest of orderly procedure.
We are, therefore, confronted with- the dilemma -as to whether we will adhere strictly to the Rule and deny jurisdiction to the petitioner on the merits, or whether we will waive the Rule and exercise our constitutional responsibility to take jurisdiction of the case. Where a rule which is not jurisdictional, but directory only, conflicts with the justice of the case, it is justice and not the rule which must prevail. Rules should implement rather than prevent the administration of justice.
I would waive Rule 28 and exercise the organic power of this court to grant the writ of certiorari, and review the case on its merits.
For the reasons stated the petition for rehearing should be granted, and the writ issued.